Good morning. May it please the court, I'm Robert Stone on behalf of defendant appellate Somkhit Thongsy. I would like to reserve, if I could, two minutes for rebuttal. Initially I'd like to take issue with the government's assertion that the standard of review, at least with regard to Mr. Thongsy's, the possession element of count five and count six, should be plein air rather than de novo. To support that assertion, the government quotes in their brief on page five a statement attributed to defendant's counsel that he conceded possession. Having reviewed trial counsel Orff's closing argument, that statement appears nowhere in his argument. It does appear in the government's closing argument. If one reviews trial counsel's the questioning, I submit that nowhere will you find that trial counsel conceded or admitted that the government had proved possession. And the government didn't concede it on behalf of your client? I think they did, yes. I guess I was confused by your opening brief where you say, although the firearm was found in an area of the hand accessible to him and thus may have been constructively possessed by him, and then you go on to make your argument. So it suggested in your opening brief that you were conceding that there was constructive possession of the firearm. So was that an error or what were you trying to convey there? Well, what I was trying to convey is that if the court finds that he did constructively possess it, you need to go on to the next step in the argument, which is did he possess it in furtherance of the underlying drug trafficking offense. And admittedly, at trial, possession wasn't trial counsel's primary argument. But again, he didn't concede it, and I certainly didn't intend to concede it in my brief. I would suggest that that's just a suggestion that if the court finds that he did constructively possess it, there's more to the statute, to 924C, than simply possession, as is shown by virtually all of the cases. So I would submit the defendant preserved the issue by moving for judgment of acquittal and the standard of review of the note. Let me see if I can accelerate the process here just a little bit. Assuming for the moment that the jury instructions are proper, and I understand that that's a separate question in the case, it seems to me that the evidence here, the officers come upon this, as it were, sneak up on this grove that they now know about. They're in the early hours of the morning. They unzip the tent. There are three people there. There's a gun at waist level lying on top of your client. There are guns all around inside the tent. How can it possibly be that a reasonable jury cannot conclude beyond a reasonable doubt that this was possessed in connection with? I mean, I just don't get it. Well, and I guess the differences between what something looks like and what something is proven to be is a question of the sufficiency of the evidence and is the difference between being accused and being convicted. Admittedly, it looks like he had possession, but if we look at U.S. v. Nevels, which is the more recent case on possession, we had a defendant who was awakened by police entering an apartment with guns on his lap, in physical contact with him. But he was drunk. He was in an apartment where many people had access. There was drug activity in and out. Here, we're isolated up in the woods. There's a tent. It's quite clear that these people are associated. Your client is even on the videotape, is involved in the cultivation here. Those cases don't seem very close to me. Well, this was an early morning raid. I mean, if you look at the testimony, the intent and the purpose was to catch people sleeping, and in fact, I think that's what the testimony found that they did. So they awakened these people early in the morning. There was some evidence that Defendant Thongzee had been at the site at least on one or two prior occasions from the video, but there was no evidence as to when that was. And in fact, the testimony was that the video surveillance was set up sometime early in the spring. The raid took place on July 31st. So the evidence was that he was in the patch on some prior occasion and he was in the patch, or he was in the campsite, actually, on the day that they arrived on the raid. Well, what's the innocent explanation for why Mr. Thongzee was up there with a gun within this tent? How would you come up, or what was the story you came up with as to what would explain these, this situation? Well, I wasn't trial counsel, so I didn't come up with a story. And I guess my answer would be that that's not Defendant's burden of proof to provide an innocent explanation. It's the government's burden of proof to provide proof beyond a reasonable doubt as to each element. So if we found, for example, that the jury instructions were erroneous, we would have to look at whether the error was harmless. And so one of the questions would be, well, it doesn't matter if the instructions were erroneous because the evidence was just overwhelming and there's no reasonable juror could come out the other way. So I ask you that question in connection with considering if we did find that there was an error in the jury instructions, is that a harmless error or was it prejudicial to your client? Well, I think the jury instruction was because it would allow the jury to convict Mr. Thongzee of something that's not illegal, which is possessing a weapon during and in relation to a drug trafficking crime. Right. But under the context and under the situation and the circumstances, I guess the natural conclusion would be he was there with a gun to protect the $6 million marijuana crop. And so regardless of the use of words in the jury instructions, it was clearly a felony. He possessed it in furtherance of the alleged crime. So how would a juror not come out to that conclusion? You're assuming what needs to be proved, that just because he's found in or near a drug trafficking site and a weapon is there, that he's guilty under 924C, possession in furtherance of a drug trafficking crime. And the cases, virtually all of the cases where they found sufficient evidence or not have said that that's not enough, that's insufficient. If that were sufficient, then there would be no need for Clause 2 of 924C because everybody who was ever caught at a drug trafficking scene with a firearm would be guilty. So Congress required something more than that. They required proof that he not only possessed it, but that he possessed it in furtherance of the crime. Well, there was plenty of proof, right? There was proof that he had, that there was a $6 million marijuana crop, that he was seen cultivating it, that he was there with guns everywhere. And so there was certainly a lot of evidence that the guns in his possession or within his reach were furthering the marijuana cultivation and protection activity. Well, I would disagree that there was plenty of proof. I think the government lists nine different statements in their brief, but they really actually bootstrap three basic circumstances that he possessed a firearm near a drug trafficking scene, that the government witness testified that often they find firearms near a drug trafficking scene, and testimony from the government witnesses that the kind of firearm they found wasn't typically found to be used by a hunter. Those all have been considered by this court in numerous other cases, and they've all been at least individually found insufficient to convict for the second clause of 924C, which is possession and furtherance of a drug trafficking crime. So however many different little pieces they were, they all relate to those three basic sets of circumstances. So finding proximity and accessibility as sufficient is simply saying again that if you constructively possess a weapon anywhere near or in or near a drug trafficking scene, a marijuana grow, you're guilty under 924C. And that may look like what happens, but that's not what the law says needs to happen. Congress says that you need to show something different than clause one, which was carrying or use. You need to show possession, but you not only need to show possession, you need to show something more, which shows the defendant had the intent to possess the weapon to further the crime. And just having the gun near a marijuana grow isn't enough. The court said that. It's not enough. You need something more. I think we have the argument in hand. You've got a few seconds, but we'll make sure you get enough chance to respond. May it please the Court. Judy Harper on behalf of the United States. This Court should affirm the decision of the district court in denying the defendant's motion for judgment of acquittal on count six, the count of carrying or using a firearm in connection with a federal felony. Now, was the jury instruction right in this case? It's a little bit approximate, it seems to me. Your Honor, the court did not abuse his discretion in giving the jury instruction that was given. Now, that's different from saying that it was right. It was right, Your Honor. The court gave the uniform jury instruction, 8.65, which adequately covered all of the elements of the crime. It gave the elements to the jury that the jury could find that this defendant was guilty of the crime of carrying the firearm during and in relation to the drug trafficking offense. What's required is that the court provide all the elements of the crime for the jury to consider in their deliberations. And this court really should only overturn that decision if the jury instructions as a whole are misleading for a jury and they absolutely were not in this case. The court covered it. Here's my problem with the jury instructions. We're clearly looking at the possession issue, not the use, right? And so the language of the statute is possession and furtherance of. And what the court said for the model jury instructions were facilitated or played a role in the crime. Is that right? Right. Right. And also played a role. Is that enough? Yes, Your Honor, because the court selected the prong of the statute, carried, not the used and furtherance of. Used and furtherance of is another alternative theory to this case, but the court instructed the jury on carrying the firearm. Because he wasn't carrying the firearm. They found it next to him. So was the government's theory that the defendant was carrying the firearm, that it wasn't possessing? See, in this case, Your Honor, possessing and carrying is the same thing. It might not necessarily be in every fact pattern, but in this fact pattern, carrying it on your person and possessing it is the same thing. Everything at this marijuana growth site, at this 160-acre parcel in the middle of nowhere, everything there was to during and in relation to the drug trafficking crime. It's not like Nevels, where you have this flophouse of apartments where people are going in and out, and there's lots of different purposes for these apartments. In our case, there's one purpose for this whole crime scene. And what they're doing you're arguing evidence rather than the words of the instruction. Well, again, I go back to the fact that the court gave every element of the offense to the jury to consider in the jury instruction. That was part of the model jury instruction the court gave. Now, you probably should know this. The model jury instructions are the model jury instructions, and sometimes they're wrong. You do know that. In this case, the model instruction, though, Your Honor, did cover each and every element of the offense, and that's all that's required. Well, if the jury could find that the gun just played a role. I mean, this is my concern. If the gun played a role and convicted him on playing a role, to me, that doesn't sound the same as the in furtherance of any such crime, given that we've defined that as to promote or facilitate. So, I mean, a gun can play a role in some event and doesn't necessarily promote or facilitate the crime. So I'm concerned that if the jury could have convicted on, well, there was a firearm and it played a role in the crime, it's not exactly the same, they didn't necessarily find the in furtherance wrong. But I believe Judge Panner didn't instruct on the in furtherance wrong at all. He chose not to give that whole entire possession with furtherance of the crime instruction. But he says a person possesses a firearm in relation to the crime if the firearm facilitated or played a role in the crime. Right. So why is it that the jury could not have convicted on the grounds that Fongsy possessed a firearm that played a role in the crime? Because I believe you're, I believe Judge Panner gave the instruction that the defendant knowingly carried a firearm and that carrying. Does carried and or possess the firearm? During and in relation to the drug trafficking offense. And then says he possessed if it played a role. I think played a role and facilitate mean the same thing in essence, Your Honor. They say this mean the same thing. Why are they connected by the word or? It's very similar, Your Honor, that that somebody is using it during and in relation to the drug trafficking crime or it's facilitating it. You're, you're using it to, and there's only one, our proof at trial, there's only one conclusion that the jury could, could make. But looking at all of these facts, you're in the middle, again, in the middle of nowhere where you've got this gun to embolden you to protect your crop. There is an alternative evidence, right? Why couldn't guns be used to protect the men from the wild animals out there in the wild? There was expert testimony at trial, Your Honor, that these weren't the typical guns that were used. Not for hunting. But just for shooting to protect themselves. They may not be great hunters, but they may figure that a .45 will stop a bear. I think, I believe there's also testimony at trial that there were no wild critters out in the areas of that particular place where somebody would need protection from. But I think that though the evidence at trial definitely bolstered the government's argument that there's, you know, a $6.6 million cash crop out there that the defendants are needing to protect and that there's no reason that you'd have three men and four high-powered loaded weapons right there while they're sleeping. If the court has no other questions, then I'd submit. Thank you. Thank you. Mr. Stone? We'll give you a minute, and then we'll just see where we go from there. The government's case on possession was built solely on constructive possession. That was their argument. That was the proof that they presented. They never argued that he carried the firearm. If, in fact, then he possessed the firearm constructively, they also needed to show that he possessed it in furtherance of the drug trafficking crime. That requires something more than simply constructive possession, which is proximity and accessibility. Judge Panner's instruction tells the jury that if they find that he possessed this weapon constructively or in some other fashion during and in relation to a drug trafficking crime, they can convict him. That combines Clause 2 with Clause 1 and provides the jury the opportunity to convict Mr. Thongsy for something that, under the statute, is not illegal. There are no other jury instructions that the government's offered that clarify that. There's the one instruction on Count 6, and I would submit that it was not only incorrect, but it substantially prejudiced Mr. Thongsy because it did allow the jury to convict him for conduct that is not illegal under the statute. Okay. Thank you. Thank both sides for your argument. United States v. Thongsy is now submitted for decision. Next case on the argument calendar is Mills v. Hill.
judges: Fletcher W. , Bea, Ikuta